UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| MONICA DENISE HINER,<br>    Plaintiff,<br>    v.<br>ANDREW SAUL,<br>    Defendant. | Case No. 18-cv-01012-RMI<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

This Social Security Appeal was filed on February 15, 2018. *See* (dkt. 1). Both parties have consented to magistrate judge jurisdiction. *See* (dkts. 6,12). Defendant filed her Answer on July 6, 2018, and Plaintiff's motion for summary judgment was due 28 days thereafter on August 3, 2018. *See* (dkt. 7, 14). On January 29, 2019, the court entered an Order in which it took judicial notice of the fact that Plaintiff's attorney of record, Kenneth J. Collins, is now deceased. *See* (dkt. 16). The court gave Plaintiff thirty days to either: 1) file a notice of appearance, informing the court that she intends to proceed pro se, representing herself in this matter, or 2) obtain other counsel and have them file a notice of appearance in the case. *Id*. The court expressly warned Plaintiff that her failure to comply with the court order with result in dismissal of this case without prejudice. Plaintiff has failed to respond to the court's Order.

"In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik v. Bonzelet*, 963 F.2d 1258,1260-61 (9th Cir. 1992) (quoting

*Thompson v. Housing Auth.*, 782 F.2d at 829, 831 (9th Cir. 1986)); *see Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002) (confirming application of factors).

In this instance, Plaintiff's abandonment of her case controls the five factors set forth in *Ferdik*. Although public policy favors disposition of cases on their merits, Plaintiff's failure to litigate this case makes it impossible for the court to proceed. "(1) [T]he public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; and (3) the risk of prejudice to the defendants" all weigh in favor of dismissal and there are no less drastic alternatives available.

Accordingly, IT IS HEREBY ORDERED that this case is dismissed without prejudice for failure to obey a court order and failure to prosecute.

**IT IS SO ORDERED.**

Dated: August 6, 2019

ROBERT M. ILLMAN
United States Magistrate Judge